UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DANNY D. MCFADDEN, | ) | CASE NO. C04-1570 RSL |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | RE: SOCIAL SECURITY |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | DISABILITY APPEAL |
| Defendant. | ) | |

Plaintiff Danny D. McFadden proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) and Disability Insurance (DI) benefits after a hearing before an Administrative Law Judge (ALJ).

Having reviewed the parties' briefs, the administrative record (AR), and the additional materials submitted by the parties following oral argument, it is recommended that the Commissioner's decision be AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1963.[1] He has an eighth grade education with past work

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 1

experience as a dry wall installer and painter, forklift operator, truck driver, and yard worker. (AR 21.) Plaintiff protectively filed an application for SSI on July 30, 1998, and for DI benefits on August 5, 1998. He alleged a disability onset date of April 6, 1996.[2] His applications were denied and a hearing was held on July 10, 2001 before the Hon. Ruperta M. Alexis, who issued an unfavorable decision denying benefits. (AR 41-54.) The Appeals Council vacated the decision and remanded it to obtain additional evidence concerning plaintiff's mental impairment, evaluate the mental impairments and provide specific functional findings, obtain evidence from a vocational expert, and determine whether drug addiction and alcoholism were contributing factors material to a finding of disability. The ALJ was instructed to consolidate plaintiff's new DI and SSI applications with the original application being considered on remand. (AR 95-97.)

A new hearing was held on October 7, 2003 by the Hon. Edward P. Nichols, who issued a decision denying benefits. (AR 20-34.) The Appeals Council denied plaintiff's request for review. (AR 11.) As a result, the ALJ's decision became the final decision of the Commissioner. Plaintiff appealed the Commissioner's decision to this Court.

## DISCUSSION

### *Sequential Evaluation Process*

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had performed certain jobs on a short term basis, earning an average of less than $500 per month, and, therefore, had not been gainfully employed since his alleged disability onset date. (AR 22.) At step two, it must be determined whether a claimant suffers from a severe impairment. At step three, it must be determined whether a claimant's impairment(s) meets or equals a listed impairment. The ALJ

---

[2] Claimant met the DI status requirements through December 30, 1999 and, therefore, must be shown to be disabled on or before that date in order to be found eligible for DI benefits. (AR 21.) SSI eligibility is not dependent on insured status.

found that plaintiff suffered from drug and alcohol dependence, a personality disorder, affective and anxiety disorders, and degenerative and discogenic disorders of the lumbar spine which, when considered in combination, meet the requirements of section 12.09(D) of the Listing of Impairments. However, considering only the limitations that would remain if plaintiff stopped using drugs and alcohol, the ALJ found that he would not be subject to any impairment, or combination of impairments, that met or equaled the requirements of the Listing of Impairments. (AR 30, 32.)

If a claimant's impairments do not meet or equal a listing, at step four the Commissioner must assess residual functional capacity (RFC) and determine whether the claimant has demonstrated an inability to perform past relevant work. The ALJ assessed plaintiff's RFC that would remain if he stopped using drugs and alcohol, and found that he retained the ability to perform the exertional requirements of the full range of light work. The ALJ found that, as a result of plaintiff's depression, anxiety, and personality disorders, he can only perform simple, repetitive, structured work requiring minimal to low public and coworker contact. Consequently, the ALJ concluded that plaintiff is unable to perform his past work. Considering only the impairments and limitations that would remain if plaintiff stopped using drugs and alcohol, the ALJ found he retained the functional capacity to perform work existing in significant numbers in the national economy, specifically the job of courier driver – a light, unskilled job consistent with plaintiff's past work as a truck driver. As a result, finding alcohol and drug abuse a contributing factor material to the finding of disability, the ALJ found plaintiff not disabled. (AR 30-33.)

### *Standard of Review*

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and whether his findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881

F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The reviewing court may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute its judgment for that of the Commissioner.  *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999).

### *Position of the parties*

In assigning error to the Commissioner's decision denying benefits, plaintiff argues that the ALJ failed to provide specific and legitimate reasons for rejecting the opinion of a treating physician in considering the degree of plaintiff's impairments if he were to stop using drugs and alcohol, failed to include several mental/cognitive disorders as severe impairments at step two, and erroneously formulated a vocational hypothetical omitting these mental/cognitive disorders. The Commissioner asserts that the ALJ's decision was based on substantial evidence and free of legal error, and should be sustained.

### *Alcohol and Drug Use as Contributing Material Factors*

An individual is not considered to be disabled if alcoholism or drug addiction would be a contributing factor material to a determination that the individual is disabled.  42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J). Implementing regulations specify that alcoholism or drug addiction is a contributing factor material to a disability determination if an individual would not be disabled if he stopped using alcohol or drugs.  *See* 20 C.F.R. §§ 404.1535(b), 416.925(b).  As with each of the first four steps of the disability evaluation process, the claimant bears the burden of showing that his or her drug or alcohol addiction is not a contributing factor material to his or her disability. *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).

In this case, the ALJ determined that plaintiff suffered from impairments that, when considered in combination, met the requirements of the Listing of Impairments.  Because one of the impairments was drug and alcohol dependence, the ALJ went on to consider whether the remaining limitations would render plaintiff disabled if he were to stop using drugs and alcohol.

He concluded that plaintiff would retain the functional capacity to perform work that existed in significant numbers in the national economy and, thus, was not disabled.

In considering whether plaintiff's drug or alcohol addiction was a contributing factor material to his disability (whether he would be disabled if he were to stop using alcohol or drugs), the ALJ considered the opinion of Dr. Lakhani, a treating psychiatrist, and Jeffrey Paster, a therapist, both of Community Mental Health Services. (AR 25.)[3] The evidence of Dr. Lakhani's opinion on this issue consists of (1) a brief note on a questionnaire dated July 16, 2001: "Patient continues to have recurrent depressive symptoms even when not using alcohol or other substances," (AR 437); and (2) an April 9, 2003 letter in which she stated: "I do feel that his ability to work is impaired by his depression regardless of the use or nonuse of alcohol or other substances." (AR 548.)

The ALJ considered the opinion of Dr. Lakhani, but gave it "minimal weight." Instead, he relied on the opinions of a consulting psychologist, Silverio Arenas Ph.D. (AR 218-227), and state Disability Determination Services (DDS) evaluator psychologist Thomas Clifford Ph.D. (AR 281-284, 308-316). Although the opinion of a Social Security disability claimant's treating physician is given deference, the ALJ may reject the opinion in favor of a conflicting opinion if the ALJ makes findings setting forth specific, legitimate reasons for doing so, based on substantial evidence in the record. *Thomas*, 278 F.3d at 957.

In giving "minimal weight" to Dr. Lakhani's opinion, the ALJ noted that all of the other medical practitioners who addressed the issue found plaintiff's alcohol and drug abuse were having a significant impact on his social and cognitive functioning. (AR 29.) The ALJ concluded that

---

[3] Plaintiff suggests that the ALJ overlooked a year of treatment notes authored by Dr. Lakhani. (*See* Dkt. 17 at 22.) Plaintiff accurately notes that the ALJ incorrectly stated that plaintiff "began receiving treatment" from Dr. Lakhani and Mr. Paster in December 2000. (AR 25.) However, the ALJ makes reference to Exhibits 16F, pages 26 and 28 (AR 379, 381), which consist of Dr. Lakhani's chart notes from this earlier period, indicating the ALJ's awareness and consideration of Dr. Lakhani's prior treatment. (*See* AR 24.)

Dr. Lakhani did not appear to have given proper weight to the severity of plaintiff's alcohol usage or its total impact on his level of functioning. The ALJ noted "various onset dates for the claimant's latest bout of sobriety . . . suggest[ing] that the claimant is not being truthful about his level of alcohol use, but does not appear to have raised a red-flag with Dr. Lakhani." (AR 29.) Plaintiff takes issue with drawing such an inference from Dr. Lakhani's records, but the evidence is susceptible to the interpretation reached by the ALJ and this Court will not substitute its judgment or re-weigh that evidence.[4]

Although plaintiff has been treated by a number of other doctors and medical providers who have referenced or alluded to plaintiff's mental health or substance abuse issues (*see*, *e.g.*, AR 187-188, 189-217, 228-255, 262-280, 305-307, 325-338, 339-350, 351-353), Dr. Arenas is the only other examiner to have directly addressed the issue before this Court, that is, plaintiff's capacity to work if he were not using drugs or alcohol. Dr. Arenas examined plaintiff on November 13, 1998 and administered several diagnostic tests. (AR 218-27.) He conducted a diagnostic interview and a mental status exam. In the summary and opinion section of the report, Dr. Arenas stated that plaintiff's continued use of drugs and alcohol were probably contributing to his depressive and anxiety symptoms and possibly to his cognitive deficits, although his history suggested some degree of brain injury from Ritalin, two hypoxic comas, multiple head injuries,

---

[4] Plaintiff also asserts that the ALJ erred in failing to separately address the opinion of Mr. Paster, the therapist who worked in conjunction with Dr. Lakhani. Mr. Paster's opinion need not be given the weight of an "acceptable medical source" as defined by 20 C.F.R. §§ 404.1513(a), 416.913(a). Although germane reasons should be provided for disregarding his opinion, there are only a few records authored separately by Mr. Paster, none of which state opinions that can be distinguished from those expressed by Dr. Lakhani. (*See*, *e.g.,* AR 360-363, 385-388, and 442-445). On May 19, 2000, Mr. Paster completed a DSHS form answering "no" to the question of whether there was "indication of alcohol or drug abuse" (AR 361), despite the fact that, just a few weeks earlier, plaintiff was treated in the emergency room after being arrested while reportedly drinking (AR 343). Shortly thereafter, plaintiff was arrested after driving while apparently intoxicated. (AR 339.) Mr. Paster, however, again answered "no" in responding to the same question in August 2001 (AR 443), making these notes susceptible to the same inference drawn by the ALJ regarding Dr. Lakhani's minimization of plaintiff's substance abuse. The lack of specific address to Mr. Paster's opinions, even if such could be construed as error, is harmless.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 6

and heavy substance abuse. Dr. Arenas found no evidence of an attention-deficit disorder, bipolar disorder, manic-depressive illness, posttraumatic stress disorder, independent depressive or anxiety disorder, or schizophrenia. Dr. Arenas stated that plaintiff's ability "to reason, understand, remember, and concentrate are probably all intact for day-to-day functioning, but would be problematic in any demanding situation such as a work environment; pacing and persistence are similarly affected; social interaction and adaptation to employment demands are significantly deficient." (AR 227.) Dr. Arenas concluded that "only when the client is substantially alcohol and drug-free can he be properly assessed as to his actual levels of depression, anxiety, and cognitive impairment." *Id.*[5]

As stated above, the Social Security claimant with an alcohol or drug addiction bears the burden of showing that he or she would still be disabled if the drug or alcohol use were stopped. Dr. Arenas' opinion does not help plaintiff meet his burden. In essence, Dr. Arenas stated that plaintiff's drug and alcohol impairment made it impossible to assess the degree of his disability without those addictions.

The ALJ also found not credible plaintiff's assertion that he had discontinued the use of alcohol and drugs and was disabled by his remaining physical and mental impairments, citing a number of incidents in the record in which plaintiff had "either lied or misled his physicians and treating mental health practitioners about his drug and alcohol abuse history." (AR 28.) The ALJ additionally found not credible plaintiff's testimony regarding the severity of his symptoms, noting activities that support a finding that he was not as socially limited as alleged. (AR 29.) The ALJ noted that plaintiff's poor work history indicates that he is not highly motivated to work. (AR 30.) "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness,

---

[5] The ALJ also noted the impression of the evaluating therapist at Skagit Mental Health, Sharon Wells, MSW, CDCI, who commented that a period of abstinence would be required to make a clear diagnosis of plaintiff's psychiatric problems. (AR 419.) Plaintiff was discharged from the program because he had missed several appointments and was not engaging in treatment. (AR 23, 406.)

inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ stated sufficiently specific reasons for finding plaintiff's assertions not credible.

The ALJ further relied on record evidence showing that plaintiff would not be disabled if he were not using alcohol or drugs, including the opinion of Dr. Clifford. A DDS consultant such as Dr. Clifford is an expert in the evaluation of medical issues in disability claims, albeit a source that has never examined the claimant whose claim is being evaluated. 20 C.F.R. § 404.1527(f)(2); SSR 96-6p. In his April 6, 1996 and April 16, 1999 assessments, Dr. Clifford rated plaintiff's impairments with and without his substance addiction. (AR 281-282, 315.) Dr. Clifford concluded that plaintiff was either "not significantly" or "moderately" limited absent his alcohol and drug use, but "markedly" limited in many categories with the use. *Id.*

The ALJ stated sufficiently specific reasons for rejecting the opinion of plaintiff's treating physician on the issue of plaintiff's disability absent his drug or alcohol use, and for finding plaintiff's assertion on this point to be not credible. The ALJ's finding that alcohol and drug abuse is a contributing factor material to the finding of disability is supported by substantial evidence and will not be disturbed.

### *Consideration of Other Mental Impairments*

Plaintiff contends that the ALJ erred at step two in failing to consider the organic mental disorder (dyslexic) found by Dr. Clifford, the DDS reviewer, and by Dr. Arenas. This contention is not well taken. The ALJ explicitly acknowledged plaintiff's diagnosis of cognitive disorders, making specific reference to Dr. Arenas' report at Exhibit 4F, which appears in the administrative record at pages 218 through 227. (AR 22-23.) Contrary to plaintiff's assertion, the ALJ went on to evaluate his mental impairment following the procedures set forth in 20 C.F.R. §§ 404.1520a and 416.920a, reviewing the four functional areas of (1) activities of daily living, (2) social

functioning, (3) concentration, persistence and pace, and (4) episodes of decompensation, with and without drug and alcohol use. (AR 24, 30.) The ALJ concluded that, without drug and alcohol use, plaintiff would have mild limitations in his activities of daily living, moderate limitations in his ability to maintain social functioning, moderate limitations in his ability to maintain concentration, persistence and pace, and few, if any, episodes of decompensation. (AR 30.) The ALJ then correctly concluded that plaintiff did not establish disability at step three of the sequential evaluation process.[6]

### *Vocational Hypothetical*

Plaintiff's final argument is that the ALJ failed to include limitations caused by his organic mental disorder/cognitive dysfunction in the vocational hypothetical. This argument flows from plaintiff's contention that the ALJ did not properly consider such impairments and fails for the same reason. Specifically, plaintiff contends that the vocational expert's hypothetical did not include a limitation in his ability to read and write.[7] However, the undersigned finds this argument unavailing for several reasons.

First, plaintiff overstates the existence of such a limitation. The only suggestion of such difficulties is set forth in Dr. Clifford's notes pursuant to his record review on April 16, 1999, where he writes: "Cl[aimant] is capable of simple tasks and some detailed ones not requiring more

---

[6] Plaintiff contends for the first time in his reply brief that the ALJ also failed to conduct a proper evaluation at step 3, that is, whether plaintiff met the Listing of Impairments set forth at 20 C.F.R. Ch. III, Pt. 404, Subpt. P, App. 1. An argument raised for the first time in a reply brief will generally not be considered. *Adriana Intern. Corp. v. Thoern*, 913 F.2d 1406, 1413 n.6 (9th Cir. 1990). Nevertheless, the decision shows that the ALJ properly concluded that plaintiff lacked two or more marked limitations in the four functional areas. (AR 30.)

[7] Again, plaintiff argues for the first time in his reply brief that the ALJ also failed to include any limitations on his difficulties maintaining concentration, persisting at a task, or troubles with sustaining a consistent pace. (*See* Dkt. 20 at 9.) However, the ALJ adequately covered any such limitations by including in the hypothetical the need for relatively repetitive, structured work with "not a lot of changes in things[,]" and with minimal public and co-worker contact. (AR 699.) A limitation to simple, repetitive tasks has been held sufficient to describe deficiencies in concentration, persistence or pace. *Howard v. Massanari,* 255 F.3d 577, 582 (8th Cir. 2001).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 9

than simple reading and writing." (AR 309A.)

Furthermore, in the absence of any showing that such a problem posed any significant interference with plaintiff's ability to perform basic work activities, the lack of any limitations on plaintiff's ability to read and write is supported by substantial evidence in the record. Plaintiff did not testify to any difficulty in maintaining work due to reading or writing difficulties, and the record does not support a conclusion that any such restrictions existed. The ALJ is free to accept or reject restrictions in hypothetical questions that are not supported by substantial evidence. *Osenbrock v Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

Finally, the record establishes that the ALJ adequately took into account any cognitive problems. The ALJ correctly included plaintiff's educational achievement (eighth grade) in the vocational hypothetical (AR 698-699), which the expert characterized as "unskilled," while noting that his demonstrated aptitudes or skills would be at least in the skilled area. (AR 696). In the hypothetical, the ALJ asked the vocational expert to assume the need for relatively repetitive, structured work with minimal public and coworker contact, not continuous or throughout a work day. (AR 699.) The vocational expert identified the position of courier driver, a light duty job, which existed in significant number in the Washington state economy. (AR 699, 704.)

## **CONCLUSION**

For the reasons set forth above, the Commissioner's decision in this case should be affirmed. A proposed Order accompanies this Report and Recommendation.

DATED this  31st  day of May, 2005.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 10