UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
DANNY D. MCFADDEN,                      )
                                        )   No. C04-1570L
                Plaintiff,              )
        v.                              )
                                        )
JO ANNE B. BARNHART,                    )   ORDER REMANDING MATTER TO
                                        )   COMMISSIONER OF SOCIAL
                Defendant.              )   SECURITY
_____)

This matter comes before the Court on the Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge, and plaintiff's objections thereto. Having reviewed the administrative record ("AR") and the remainder of the record, the Court finds as follows:

(1) The Commissioner's decision must be affirmed if it is based on the proper legal standards and the findings are supported by substantial evidence in the record as a whole. Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993); Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). See also Magallanes v. Brown, 881 F.2d 747, 750 (9th Cir. 1989). If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the Court may not substitute its judgment for that of the Commissioner: in such circumstances,

ORDER REMANDING MATTER TO
COMMISSIONER OF SOCIAL SECURITY

the Commissioner's conclusion must be upheld. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995). The reviewing court may not reweigh the evidence in the record, try issues *de novo*, or substitute its judgment for that of the Commissioner. Brown v. Apfel, 192 F.3d 492, 496 (5th Cir. 1999). If the benefits determination is based on legal error or is not supported by substantial evidence in the record, however, the Court will set aside the Commissioner's denial of Social Security insurance benefits. 42 U.S.C. § 405(g); Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

(2) The Administrative Law Judge ("ALJ") provided specific and legitimate reasons for ascribing minimal weight to the opinion of the claimant's treating psychiatrist, Dr. Lakhani, when determining whether plaintiff's drug or alcohol addiction was a contributing factor material to his disability. The Court adopts Magistrate Judge Theiler's analysis and conclusions on this point.

(3) The ALJ provided no reasons, however, for his apparent rejection of the testimony and opinions of plaintiff's psychiatric therapist, Jeffrey Paster. As a therapist without a doctorate, Mr. Paster does not meet the regulations' requirements for an "acceptable medical source." 20 C.F.R. § 404.1513. Nevertheless, the regulations do allow "other sources," such as therapists, social welfare personnel, clergy, and family members, to testify. 20 C.F.R. § 404.1513(d). Under Ninth Circuit precedent, an ALJ must either consider the testimony of such lay witnesses or provide germane reasons for not crediting the testimony. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). Mr. Paster qualifies as an "other source" and the ALJ was obligated either to take his testimony into account or to expressly disregard such testimony and provide reasons germane to the witness for doing so.

Instead, the ALJ noted that plaintiff had received treatment from Mr. Paster (AR 25, 29) and then completely ignored the opinions reflected in Mr. Paster's treatment notes and

mental health assessments. The Magistrate Judge found that the ALJ's disregard of Mr. Paster's opinions was reasonable because his opinions mirror those of Dr. Lakhani and are similarly unpersuasive. But part of the reason the ALJ gave minimal weight to Dr. Lakhani's opinions was that they were inconsistent with the opinions of plaintiff's other treating and consulting medical practitioners. AR 29. The ALJ cannot ignore Mr. Paster's testimony as a means of isolating and minimizing Dr. Lakhani's opinions and then argue that Mr. Paster's opinions need not be independently considered because they are duplicative of Dr. Lakhani's. More to the point, this entire discussion is conjectural because we have no way of knowing why the ALJ disregarded the testimony of Mr. Paster. He simply does not say why the opinions of plaintiff's psychiatric therapist were not considered. In such circumstances, neither the Commissioner nor the court can provide a *post hoc* explanation for the ALJ's unexplained rejection of the testimony. See Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) (although the court could imagine a "possible explanation why the ALJ discounted appellant's pain testimony," it was "wary of speculating about the basis of the ALJ's conclusion" and therefore refused to fill in the gaps of the ALJ's analysis).

Because the decision of the ALJ does not provide germane reasons for rejecting Mr. Paster's testimony, the Court cannot review the basis for that decision and will remand this matter to the Commissioner for further proceedings. See Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (the decision whether to remand the case for additional evidence or simply to award benefits is within the discretion of the court); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989) (remand is appropriate where the Commissioner is in a better position than the court to evaluate the evidence).

(4) Contrary to plaintiff's argument, the ALJ properly considered all of plaintiff's diagnosed mental impairments at step 2 of the disability evaluation. The Commissioner has established a "special technique" to evaluate the severity of mental impairments for adults

claiming a disability under the Social Security Act. See 20 C.F.R. § 404.1520a. During the initial stages of the administrative process, the administration is required to complete a standard document, called a Psychiatric Review Technique Form ("PRTF"), to record how it applied the technique. 20 C.F.R. § 404.1520a(e). The PRTF requires the evaluator to provide a medical summary identifying categories of mental impairments that are applicable in a given case and the factors that support each diagnosis. See AR 308-14. In rating the severity of a claimant's impairment, the PRTF instructs the evaluator to "indicate to what degree the following functional limitations . . . exist as a result of the individual's mental disorder(s)." See AR 315. The evaluator is not asked to measure functional limitations on a disorder-by-disorder basis: rather, he or she is to take the claimant's entire constellation of mental impairments into consideration when determining the extent to which the claimant is functionally limited. In this case, the evaluator took into consideration plaintiff's organic mental disorders (including dyslexia), personality disorders, and substance addiction disorders (including organic mental disorders). AR 315.

Plaintiff contends that, during the administrative review process, the ALJ erroneously omitted from his consideration a previously-diagnosed cognitive disorder. Objections at 2. Following the amendment of 20 C.F.R. § 404.1520a in September 2000, the ALJ is no longer required to complete a PRTF: rather, the ALJ must simply document application of the "special technique" in his or her decision. 20 C.F.R. § 404.1520a(e). In this case, the ALJ expressly acknowledged plaintiff's diagnosed cognitive disorder. AR 22 ("The claimant has also been diagnosed with various mental impairments including anxiety, depression, posttraumatic stress disorder, and cognitive disorders" as well as personality disorders with anti-social tendencies); AR 23 ("Dr. Arenas diagnosed the claimant as having a polysubstance abuse disorder, substance induced mood disorder with depressive features, substance induced anxiety disorder with generalized anxiety, a cognitive disorder not otherwise

ORDER REMANDING MATTER TO
COMMISSIONER OF SOCIAL SECURITY           -4-

specified, with significant but not severe neurocognitive deficits, and a personality disorder not otherwise specified with paranoid and antisocial traits."). He also adopted and incorporated by reference ALJ Alexis' findings regarding plaintiff's mental impairments. AR 22. ALJ Alexis expressly acknowledged plaintiff's cognitive disorder and considered it in combination with plaintiff's other mental impairments. AR 43-44, 53.

Plaintiff argues that, despite the ALJ's recognition of plaintiff's cognitive disorder, he improperly failed to "determine the existence and severity of the diagnosed cognitive disorder in accordance with the mandatory procedures set forth at 20 C.F.R. 404.1520a." The Court disagrees. The ALJ acknowledged the existence of a cognitive disorder in this case and the Court will not assume that he ignored the disorder simply because it was not specifically listed in the "Findings" section of the decision. With regards to the determination regarding the severity of plaintiff's mental impairments, the "special technique" mandated by the regulations does not require a disorder-by-disorder evaluation of plaintiff's functional limitations. Rather, the regulations instruct the ALJ to make specific findings as to plaintiff's limitations in four functional areas based on the entire constellation of plaintiff's mental impairments. The ALJ did so in this case and correctly evaluated all of plaintiff's diagnosed mental impairments at step 2 of the evaluation. AR 22, 30.

(5) The Court adopts Magistrate Judge Theiler's analysis and conclusions regarding the completeness and accuracy of the hypothetical the ALJ presented to the vocational expert at the hearing.

For all of the foregoing reasons, this matter is hereby REMANDED to allow the Commissioner of the Social Security Administration to review the record and attempt to provide reasons germane to Mr. Paster for disregarding his testimony. Alternatively, the Commissioner may, after considering Mr. Paster's opinions in light of the record as a whole, decide to award

ORDER REMANDING MATTER TO
COMMISSIONER OF SOCIAL SECURITY        -5-

1  benefits.  In reconsidering this case, the Commissioner may hold further hearings and/or receive
2  additional evidence.

        DATED this 27th day of July, 2005.

                                    _____
                                    Robert S. Lasnik
                                    United States District Judge

ORDER REMANDING MATTER TO
COMMISSIONER OF SOCIAL SECURITY         -6-